Warner, Chief Justice.
The plaintiff held an execution against the defendant, Lucy J. Bournell, for the rent of a house and lot. The defendant was a widow, who had a homestead set apart to her for the benefit of herself and her minor children, on a tract of land with which the house and lot rented by her from the plaintiff in ñ. fa. had no connection. The widow rented her homestead plantation to Ward, the garnishee, and the question in the case is, whether the rent due her for the use of her homestead from her tenant, is subject to the payment of the plaintiff’s debt for the rent of a house and lot wholly disconnected with her homestead? The Act of 1869 declares that the produce, rents or profits of a homestead shall be exempt from levy and sale, except as provided for *251 in the Constitution, and except for stock, provisions and other articles used in making the crop, necessaries for the family, medical services, and tuition for education. The rent of a house and lot wholly disconnected from the homestead, is not one of the exceptions *mentioned in the Act, but, it is-said, it is included in the words “necessaries for the family.” But we think the fair interpretation of these words, when taken in connection with the other words of the Act, and the obvious intention of that Act, is to confine them to such necessaries for the family as may have been furnished in making the crop on the homestead. In other words, the necessaries for the family must have been furnished them in connection with the enjoyment of the homestead property, such as was necessary for the family in the cultivation of the crops raised thereon, and for the support of the family whilst doing so, to enable them to enjoy the benefit thereof. A contract for the rent of a house and lot having no connection with the homestead property whatever, is not, in our judgment, within the purview of the Act, or in accordance with the true intent and meaning thereof, the more especially as it does not appear that it was necessaries for the family.
Ret the judgment of the Court below be affirmed.